

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 21, 1968

Honorable Carol S. Vance
District Attorney of Harris County
Harris County Courthouse
Houston, Texas  77002

Opinion No. M-245

Re:  Legality of "Pinball" or
     "Marble" machines with
     immediate right of replay.

Dear Mr. Vance:

You have recently requested an opinion of this office con-
cerning the legality of "pinball" or "marble" machines with imme-
diate and unrecorded right of replay.  You ask the following
questions:

   1)  Does Article 630, V.P.C., as amended in 1965, except
       from Article 642a, V.P.C., all pinball and marble
       machines which confer on winning players an immediate
       and unrecorded right of replay?

   2)  Under Article 642a and Article 630, V.P.C., is it
       unlawful to possess a pinball or marble machine which
       awards free games and in any way, by counter or other-
       wise, records the number of free games awarded?

Article 642, V.P.C., defines the term "slot machine."  It reads
in part as follows:

"Art. 642a.  Slot machines

"Definition of slot machine

"Section 1.  The term 'slot machine', as used in this
Act, means:

      "(a) Any so-called 'slot machine' or any other
      machine or mechanical device, by whatsoever
      name known, an essential part of which is a
      drum or reel with insignia thereon, and

> (1) which when operated may deliver, as the result of the application of an element of chance, any money, or property or other valuable thing, or

> (2) by the operation of which a person may be entitled to receive, as the result of the application of an element of chance, any money or property or other valuable thing; or

> "(b) Any machine or mechanical device designed and manufactured or adapted to operate by means of the insertion of a coin, token, or other object and designed, manufactured or adapted so that when operated it may deliver, as the result of an application of an element of chance, any money or property; or

> "(c) Any subassembly or essential part intended to be used in connection with such machine or mechanical device."

Article 642a, V.P.C., has been interpreted by the Court of Civil Appeals in State v. One Slot Machine, 305 S.W.2d 386 (Tex.Crim.App. 1957, no writ), and that Court framed the issue involved by stating:

> "The question involved is whether a marble table which is designed and manufactured to operate by means of the insertion of a coin, and designed and manufactured so that when operated it may deliver free games, as a result of an application of an element of chance, is a slot machine under the terms and provisions of Article 642a. . .even though the condition of the machine at the time of its seizure was such that free games could not be played on it."

The evidence in that case showed that the machine in question was a marble machine designed and manufactured to deliver free games as an element of chance after the insertion of a coin. The evidence further showed, however, that at the time the machine was seized by officers it would not award free games for the reason that certain parts of the machine had been disconnected so that it would not give free games.

In its holding in this case, the Court stated that within the meaning of the gaming laws the award of free games is both property and a thing of value, further stating, "We believe that the machine here involved is a slot machine within the provisions of Article 642a. . ."

In 1965 the Legislature altered the law concerning pinball machines by an amendment to Article 630, V.P.C. The pertinent portion of that amendment reads as follows:

"Art. 630. 562 Permitting device on premises

"(a) . . .

"(b) An immediate and unrecorded right of replay, mechanically conferred on players of pinball machines and similar devices, is not intended to be included in the phrase 'money, property, or other valuable thing' in this chapter or any other related Statute of this state. As amended Acts 1965, 59th Leg., p. 690, ch. 329 §1."

It is our opinion that the evident intent of the Legislature in such amendment was to authorize pinball machines and similar devices to be operated, used and possessed even though they do award an immediate and unrecorded right of replay. However, under Articles 642(b) and 630, V.P.C., it would be unlawful to possess any pinball machine or similar device which recorded any right of replay. We are of the further opinion that the word "unrecorded" as used in the Amendment prohibits such a machine if it is equipped with an indicator showing the number of free games yet to be played or if it displays a counter which registers free games awarded. Our reasoning in this regard is drawn from the case of Peachey et al. v. Boswell, by the Supreme Court of Indiana (1960), 240 Ind. 604, 167 N.E.2d 48; 89 A.L.R.2d 801.

## SUMMARY

Under Article 630(b), V.P.C., pinball machines and similar devices can now lawfully be possessed and used, even if they do actually award an immediate and unrecorded right of replay. It would be unlawful, however, under Articles 642(b) and 630, V.P.C., to possess any pinball machine

or similar device which <u>recorded</u> any right of replay. Consequently, such a machine would be unlawful if it is equipped with an indicator showing the number of free games yet to be played or if it displays a counter for free games awarded.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jo Betsy Lewallen
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Alfred Walker
Brandon Bickett
Ronald Luna
Fielding Early

EXECUTIVE ASSISTANT
A. J. Carubbi, Jr.